UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| RAIPHAEL B. WILLIAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV410-238 |
| | ) | CR406-128 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Raiphael B. Williams has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. (Doc. 1.)[1] According to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a judge "must dismiss the motion" when it "plainly appears from the motion . . . that the moving party is not entitled to relief." Williams' motion is untimely and warrants Rule 4 dismissal.

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV410-238. "Cr. doc." refers to documents filed under movant's criminal case, CR406-128.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to require a movant to file a § 2255 motion within one year of the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, Williams was sentenced on April 3, 2007 and resentenced pursuant to an Eleventh Circuit remand, *United States v. Williams*, 541 F.3d 1087 (11th Cir. 2008), on September 24, 2008. (Cr. docs. 83, 93.) He did not appeal the second judgment, so his conviction was final 10 days after it was imposed. *Adams v. United* States, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 26(b)(1) (2008) (allowing a criminal defendant 10 days after the entry of judgment to file a notice of appeal). Hence, his conviction became "final" on October 5, 2008.[2] When he filed his § 2255 motion on October 4, 2010, the entire one-year limitations period had already expired.

---

[2] Williams also moved for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which the Court denied on March 12, 2009. (Cr. doc. 97.) He appealed the judgment, but the Eleventh Circuit affirmed. *United States v. Williams*, 346 F. App'x 522 (11th Cir. 2009). Those proceedings have no effect here. Even if the § 3582 motion was

2

Williams has not offered any facts that would warrant tolling of the limitations period. Since his § 2255 motion is untimely, it should be **DISMISSED** in accordance with Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts. Additionally, his motion for a "show cause" order requiring the government to respond to all of his allegations (doc. 4) is **DENIED**, as is his motion for appointment of counsel (doc. 3). Finally, his motion for leave to proceed in forma pauperis is **DENIED** as moot, since there is no filing fee for § 2255 proceedings.

**SO REPORTED AND RECOMMENDED** this __19th__ day of October, 2010.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

granted, it would not reset the § 2255(f)(1) clock. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("A sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing.").